UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT W. RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE,<br><br>    Defendant. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY
## AND INJUNCTIVE RELIEF

Plaintiff, ROBERT W. RODRIGUEZ, by counsel, hereby files this Complaint to seek declaratory and injunctive relief, to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and to enjoin Defendant from withholding from disclosure certain records within the possession and control of Defendant the UNITED STATES DEPARTMENT OF DEFENSE ("DoD"). As grounds thereof, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (Federal question jurisdiction).

2. Venue is proper in this district pursuant to Court pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff is a natural person and a former military officer in the U.S. Army, which is a subordinate element of DoD. He sought administrative relief under the Military Whistleblower

1

Protection Act ("MWPA"), 10 U.S.C. § 1034, as implemented by DoD Directive 7050.06, first at

the Board for Correction of Military Records under 10 U.S.C. § 1552, as implemented by DoD

Directive 1332.41, and Army Regulation 15-185, and then on administrative appeal to the

Secretary of Defense pursuant to 10 U.S.C. § 1034(g), as implemented by DoD Directive

7050.06, ¶5.2.2.  On May 31, 2013, Plaintiff filed a petition for review of the final administration

action on his appeal to the Secretary of Defense under 10 U.S.C. § 1034(g) in the United States

Court of Appeals for the District of Columbia Circuit, which was docketed under No. 13-1192,

and which is currently pending merits briefing.

4.  Defendant DoD is an agency of the United States government, headquartered in

Arlington, Virginia.  It has in its possession, custody and control, records to which plaintiff seeks

access.

## STATEMENT OF FACTS

### Plaintiff's October 8, 2013, FOIA Requests

5.  On October 8, 2013, Plaintiff sent the DoD two separate but related expedited FOIA

requests.  A copy of Plaintiff's first October 8, 2013, FOIA request relating to the Record on

Appeal is attached hereto as Exhibit 1, and is incorporated herein by reference.  A copy of

Plaintiff's second October 8, 2013, FOIA request relating to the purported designation of Mr.

Tamburrino with decisional authority to review MWPA appeals is attached hereto as Exhibit 2,

and is incorporated herein by reference.

6.  The first October 8, 2013, FOIA request relating to the Record on Appeal sought

access to any and all records concerning or relating to: the assertions made by Mr. P.M.

Tamburrino, a DoD official, in his letter dated April 11, 2013, that he reviewed:

(i) "All of the materials [we] submitted in this appeal, on September 28,
2013, and October 22, 2012, respectively, as well as the prior reviews of

the Army Board for Correction of Military records (ABCMR)," which "were carefully examined before a decision was made"; and (ii) any and all documentation, including electronic correspondence, related in any way way to what the enclosed letter describes as Mr. Tamburrino's "examin[ation and] review of this evidentiary record."

7.  The October 8, 2013, FOIA request stated that, pursuant to DoD 5400.7-R, ¶CI.5.4.3, counsel certified that the information request "implicates an 'imminent loss of substantial due process rights'," in accordance with DoD 5400.7-R, ¶ CI.5.4.3.4.

8.  The second October 8, 2013, FOIA request relating to the purported designation of Mr. Tamburrino with decisional authority to review MWPA appeals sought access to any and all records concerning or relating to the assertions made by Mr. Tamburrino, in his letter dated April 11, 2013, that:

> "the Chief of Staff for the Under Secretary of defense (personnel and Readiness (P&R)) a member of the Senior Executive Service, was designated as the successor of the Deputy Under Secretary of defense (Program Integration) for the purposes of Paragraph 5.2, [sic] of Department of Defense Directive 5050.06, 'Military Whistleblower Protection,' with decisional authority to review MWPA appeals, on behalf of the Secretary of defense, by the Acting Under Secretary of Defense (P&R), on December 14, 2012."

9.  The second October 8, 2013, FOIA request stated that, pursuant to DoD 5400.7-R, ¶CI.5.4.3, counsel certified that the information request "implicates an 'imminent loss of substantial due process rights'," in accordance with DoD 5400.7-R, ¶ CI.5.4.3.4.

10.  On October 21, 2013, DoD provided two initial responses to the two separate October 8, 2013, FOIA requests, which DoD designated numbers 14-F-0013 and 14-F-0014 respectively.  Copies of these "interim responses" are attached hereto as Exhibits 3 and 4 respectively, and are incorporated herein by reference.  For both FOIA requests, DoD provided "an interim responses."  It denied, without analysis, expedited processing asserting that, among

3

other things, it did not involve "the loss of substantial due process rights" notwithstanding the pending litigation. It also asserted that the DoD "will be unable to respond to your request within the FOIA"s 20 day statutory time period as there are unusual circumstances . . . ." DoD asserted that following "unusual circumstances:" (a) the need to search for and collect records from a facility geographically separated from this Office; (b) the potential volume of records responsive to your request; and (c) the need for consultation with one or more other agencies or DoD components . . . ." DoD asserted that the FOIA requests would be "placed in our complex processing queue and will be worked in the order the request was received."

### Defendant's Processing of FOIA Case Number 14-F-0013

11. On October 29, 2013, Plaintiff appealed the interim response in accordance with the instructions found in the DoD Letter date October 21, 2013, relating to Case number 14-F-0013. A copy of Plaintiff's FOIA appeal is attached hereto as Exhibit 5 and is incorporated herein by reference. Plaintiff asserted, *inter alia*, that expedition was justified, and the documents were easily recoverable and should not be on a "complex processing queue."

12. On December 6, 2013, Defendant denied Plaintiff's request for expedition. A copy of Defendant's December 6, 2013, denial is attached hereto as Exhibit 6 and is incorporated herein by reference. It asserted that "you do not meet this test because you have not demonstrated that your client is facing grave punishment, that the information sought will aid in any defense, or that your request relates to a pending criminal proceeding." DoD asserted further, without any explanation, that "you did not provide evidence that delaying the release of any possible responsive records would compromise Mr. Rodriguez's due process. A court deadline in an administrative or judicial proceeding alone does not justify a request for expedited processing." Notwithstanding a pending petition for review in the U.S. Court of Appeals for the

District of Columbia Circuit (D.C. Circuit No. 13-1192), the Deputy Director, incorrectly declared "that the information you seek will not lose its value if expedited processing is denied. Accordingly, I am denying your request for expedited treatment of your appeal." The December 6, 2013, letter advised "judicial review of this decision in a United States District Court, in accordance with 5 U.S.C. § 552(a)(4)(B)."

13.   Even if DoD correctly denied expedited treatment, the documents requested have not been produced in violation of the FOIA statutory requirement for information within 20 days where the documents requested are clearly identified, of recent vintage, and easily located.

14.   DoD's decision to deny, without analysis, expedited processing asserting by claiming that the request did not involve "the loss of substantial due process rights" in light of the pending litigation was arbitrary and capricious.  DoD's decision to disregard the FOIA time requirements for FOIA processing within twenty business days of the October 8, 2013, information request by claiming "unusual circumstances" (5 U.S.C. § 552(a)(6)(B)) because records geographically separated from this Office, potentially voluminous and may require consultation with DoD components was arbitrary and capricious.  In regards to the Case number 14-F-0013 information request, DoD has all the records requested in one location because Mr. Tamburrino claimed that he reviewed them and it is military standing operating procedures to retain copies at that location.  By rejecting plaintiff's request for expedited processing, DoD has placed the October 8, 2013, request in a complex and slow moving queue which action is arbitrary and capricious.  DoD's decision to disregard the FOIA time requirements for expedited processing within ten days and appeal processing within ten working days of the October 8, 2013, information request (5 U.S.C. § 552 (a)(6)(E)(ii)) was arbitrary, capricious, an abuse of discretion and contrary to law.

**Defendant's Processing of FOIA Case Number 14-F-0014**

15.   On October 24, 2013, Plaintiff appealed the interim response in accordance with the instructions found in the DoD Letter date October 21, 2013, relating to Case number 14-F-0014. A copy of Plaintiff's FOIA appeal is attached hereto as Exhibit 7 and is incorporated herein by reference.   Plaintiff asserted, *inter alia*, that expedition was justified, and the documents were easily recoverable and should not be on a "complex processing queue."

16.   On December 6, 2013, Defendant denied Plaintiff's request for expedition.   A copy of Defendant's December 6, 2013, denial is attached hereto as Exhibit 8 and is incorporated herein by reference.   It asserted that "you do not meet this test because you have not demonstrated that your client is facing grave punishment, that the information sought will aid in any defense, or that your request relates to a pending criminal proceeding."   DoD asserted further, without any explanation, that "you did not provide evidence that delaying the release of any possible responsive records would compromise Mr. Rodriguez's due process.   A court deadline in an administrative or judicial proceeding alone does not justify a request for expedited processing."   Notwithstanding a pending petition for review in the U.S. Court of Appeals for the District of Columbia Circuit (D.C. Circuit No. 13-1192), the Deputy Director, incorrectly declared "that the information you seek will not lose its value if expedited processing is denied. Accordingly, I am denying your request for expedited treatment of your appeal."   The December 6, 2013, letter advised "judicial review of this decision in a United States District Court, in accordance with 5 U.S.C. § 552(a)(4)(B)."

17.   Even if DoD correctly denied expedited treatment, the documents requested have not been produced in violation of FOIA particularly where the documents requested are clearly identified, of recent vintage, and easily located.

18.  DoD's decision to deny, without analysis, expedited processing asserting by claiming that the request did not involve "the loss of substantial due process rights" in light of the pending litigation was arbitrary and capricious, an abuse of discretion and contrary to law.  DoD's decision to disregard the FOIA time requirements for FOIA processing within twenty days of the October 8, 2013, information request by claiming "unusual circumstances" because records geographically separated from this Office, potentially voluminous and may require consultation with DoD components was arbitrary and capricious.  In regards to the Case number 14-F-0014 information request, it relates to one delegation document relating to Mr. Tamburrino's legal power to act on behalf of the Secretary of Defense.  If this delegation document does exist, it is military standard operating procedures that copies of such record are created for the DoD personnel file, Mr. Tamburrino personally, Mr. Tamburrino's office file, and the office of his superior.  By rejecting plaintiff's request for expedited processing, DoD has placed the October 8, 2013, request in a complex and slow moving queue which action is arbitrary, capricious, an abuse of discretion and contrary to law.  DoD's decision to disregard the FOIA time requirements for expedited processing within ten days and appeal processing within ten days of the October 8, 2013, information request was arbitrary and capricious.

19.  On or about January 17, 2014, plaintiff, in connection with his Petition for Review in the United States Court of Appeals for District of Columbia Circuit described in Paragraph 3, above, received a copy of a document denominated:  "Action Memo, Designation of Successor for Purposes of Oversight, Review, and Appeal Duties on Military Whistleblower Appeals and Joint Service Review Activity Actions."  This "Action Memo" purports to be from Mr. Tamburrino to the "ACTING PRINCIPAL DEPUTY UNDER SECRETARY OF DEFENSE (PERSONNEL & READINESS)," and was initialed next to the word "Approve" on "DEC 17

7

2012." This Action Memo is thus inconsistent with the date Mr. Tamburrino claimed his action was authorized "by the Acting Under Secretary of Defense (P&R), on December 14, 2012," as quoted in paragraph 8, above.

20. The fact that the Action Memo described in the previous paragraph, which is responsive to the second October 8, 2013, FOIA request described in paragraph 8, above, was produced in the Court of Appeals proceedings shows that the DoD's suggestion in its FOIA interim response that information responsive to the FOIA request was difficult to locate and thus "placed in our complex processing queue and will be worked in the order the request was received" was a false pretext for delaying production of the Action Memo.

## CLAIMS FOR RELIEF

### COUNT I
(Violation of FOIA; Case Number 14-F-0013)

21. Plaintiff realleges paragraphs 1 to 20 of this Complaint as if fully set forth herein.

22. As of the date of this Complaint, Defendant has denied Plaintiff's request for expedition and has not produced any information in response to Plaintiff's October 8, 2013, request for the information described in paragraph 6 above.

23. Under the provisions of FOIA, 5 U.S.C. § 552 (a)(6)(A)(ii), DoD had twenty days to respond to the appeal: "If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination . . . ." Under the provisions of 5 U.S.C. § 552 (a)(6)(E)(ii), the Agency regulations must ensure "that a determination of whether to provide expedited processing shall be made, and notice of the determination shall be provided to the person making the request, within 10 days after the date of the request; and, expeditious consideration of administrative appeals . . . ." Furthermore, under the provisions of 5 U.S.C. § 552 (a)(6)(E)(iii),

"Agency action to deny or affirm denial of a request for expedited processing pursuant to this subparagraph, and failure by an agency to respond in a timely manner to such a request shall be subject to judicial review . . . ."

24. Plaintiff has no adequate administrative remedy for Defendant's unlawful action as described herein relating to the denial of expedited production of information associated with information identified with Case Number 14-F-0013.

## COUNT II
(Violation of FOIA; Case Number 14-F-0014)

25. Plaintiff realleges paragraphs 1 to 24 of this Complaint as if fully set forth herein.

26. As of the date of this Complaint, Defendant has denied Plaintiff's request for expedition and has not produced any information in responsive to Plaintiff's second October 8, 2013, request for the information described in paragraph 8 above.

27. Under the provisions of FOIA, 5 U.S.C. § 552 (a)(6)(A)(ii), DoD had twenty days to respond to the appeal: "If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination . . . ." Under the provisions of 5 U.S.C. § 552 (a)(6)(E)(ii), the Agency regulations must ensure "that a determination of whether to provide expedited processing shall be made, and notice of the determination shall be provided to the person making the request, within 10 days after the date of the request; and, expeditious consideration of administrative appeals . . . ." Furthermore, under the provisions of 5 U.S.C. § 552 (a)(6)(E)(iii), "Agency action to deny or affirm denial of a request for expedited processing pursuant to this subparagraph, and failure by an agency to respond in a timely manner to such a request shall be subject to judicial review . . . ."

28. Plaintiff has no adequate administrative remedy for Defendant's unlawful action as described herein relating to the denial of expedited production of information associated with information identified with Case Number 14-F-0014.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and:

(1)  Declare that Defendant's failure to expedite Plaintiffs' FOIA requests was unlawful;

(2)  Enjoin Defendant's from continuing to withhold records responsive to Plaintiff's October 8, 2013, requests, Case Number 14-F-0013, and Case Number 14-F-0014;

(3)  Order Defendant immediately to produce all responsive records improperly withheld from Plaintiff without further delay or charge;

(4) Award Plaintiff attorney fees, and other litigation costs reasonable incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(B); and

(5)  Grant such other relief as may be necessary and appropriate, or as the Court deems just and proper.

Dated: January 25, 2014

Respectfully submitted,
JOSEPH E. SCHMITZ, PLLC

By: _____
Joseph E. Schmitz, Esq.
D.C. Bar ID No. 420229
5502 Parkston Road
Bethesda, Maryland  20816
703- 992-3095
jschmitz@jespllc.com

OF COUNSEL:
Paul Douglas Kamenar, Esq.
Law Office of Paul Kamenar
1629 K Street, NW
Washington, D.C.  20006
Paul/Kamenar@gmail.com